**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GEORGIA SHIFT, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | |
| | ) | 1:19-CV-1135-AT |
| v. | ) | |
| | ) | |
| GWINNETT COUNTY, FULTON COUNTY, | ) | |
| DEKALB COUNTY, and COBB COUNTY, | ) | |
| | ) | |
| Defendant(s). | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT ON**
**BEHALF OF DEFENDANT FULTON COUNTY**

Plaintiff filed this action on March 11, 2019 alleging that the four named county defendants failed to provide adequate resources to allow their respective Boards of Registration and Elections to run the November 2018 elections.  Plaintiff asserts that this alleged failure resulted in a violation of the Fourteenth Amendment's protections against undue burdens on the right to vote.

Should this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) and (6) for failure to state a claim upon which relief can be granted?  The answer to this question is yes, because Plaintiff has failed to sufficiently plead, and has no colorable claim under  42 U.S.C. § 1983 or the Fourteenth Amendment of the U.S. Constitution.   Plaintiff has also failed to sufficiently plead a declaratory

judgment action, a writ of mandamus or an injunction.   Finally, Plaintiff lacks standing, such that this court should dismiss the instant action and deny the requested relief.

<u>**STANDARD OF REVIEW**</u>

Dismissal is justified when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Bernard v. Calejo*, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998).   For purposes of a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff.  *Id*.  Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Id*., citing *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

<u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

**A.  <u>Plaintiff Does Not Have Standing to Pursue the Remedy it Seeks</u>**

Plaintiffs bear the burden of establishing standing. *Susan B. Anthony List v. <u>Driehaus,</u>* 134 S. Ct. 2334, 2342 (2014). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd,* 521 U.S. 811,818 (1997).

it is by now well settled that 'the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'--an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of .... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*United States v. Hays,* 515 U.S. 737, 742-743 (I 995) (quoting *Lujan* v. *Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992)). A "plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester v. Laroe Estates, Inc.,* 137 S. Ct. 1645, 1650 (2017) (quoting *Davis v. FEC,* 554 U.S. 724, 734 (2008)). "[A]t the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element." *Spokeo Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin,* 422 U.S. 490,519 (1975)).

Standing requires that a claimed injury be "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 149, 130 S. Ct. 2743, 2752 (2010). Plaintiff appears to claim it has "Organizational Standing" to bring these claims. Plaintiff claims that they "must now divert resources towards ensuring that voters can actually cast a ballot and have it counted, to compensate for

Defendants' alleged failures to provide enough resources to run a proper election."[1] [Doc. 1 at ¶ 8]. **Plaintiff has not shown they diverted any resources from what they would otherwise be doing in a campaign.**

Plaintiff states that "on campuses and communities across the state, Georgia Shift organizes young people to build their political power." [Doc. 1 at ¶ 8]. "In the most recent election, Georgia Shift was active in assisting voter registration and get out the vote efforts in Gwinnett County, Fulton County, DeKalb County, and Cobb County." *Id.* However, according to its website, Plaintiff Georgia Shift is an organization that seeks to give "marginalized young people a seat at the table of democracy through electoral action, hands-on education, and civic media programs." The issues that Plaintiff's website lists as its causes are: 1) Economic Justice through Access to Higher Education, and 2) Youth Criminalization.[2]  Plaintiffs own publicly available information seems to contradict the assertion that voting is a major initiative.

Plaintiff provides no evidence or any declaration that anything its members sought to do during this last election was any different than what they would normally do during any prior election.   The Eleventh Circuit has found

---

[1] It must be noted that these are conclusions, not facts.
[2] *See* www.https://georgiashift.com/issues/

organizational standing when plaintiffs stopped doing one thing and started doing something different to show they had actually diverted resources. That is not the case here. In *Florida State Conference of the NAACP v. Browning,* 522 F.3d 1153 (11th 2008), plaintiffs claimed that they would have to divert resources away from registering voters to the process of correcting false mismatches due to a new verification requirement that had not yet been used in an election. 522 F.3d at 1157-58. In *Common Cause/Georgia v. Billups, et al.*, 554 F.3d 1340 (11th Cir. 2009), the plaintiff alleged that they would have to help voters obtain photo identification in a challenge to the state's new photo identification law. 554 F.3d at 1353-55. In *Ga. Latino Alliance for Human Rights*, 691 F. 3d 1250 (11th Cir. 2012), the plaintiff alleged that it would have to cancel citizenship classes to address inquiries about a new immigration law. Each of those cases is completely unlike the alleged basis for Plaintiff to have standing in this case. Plaintiff does not explain how any of its activities have differed from normal organizational activities sufficient for this Court to consider it a "diversion" of resources.

### 2. Plaintiff Has Not Sufficiently Alleged An "Injury In Fact."

The Supreme Court has "repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power." *Hays,* 515 U.S. at 743. As an initial matter,

"[for an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Lujan,* 504 U.S. at 560. Here, Plaintiff is not affected in a personal way. "Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be concrete." *Spokeo,* l 36 S. Ct. at 1548. "A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Id.* (quoting Black's Law Dictionary 479 (9th ed. 2009)). The Supreme Court has explained:

> When we have used the adjective "concrete," we have meant to convey the usual meaning of the term - "real," and not "abstract." Webster's Third New International Dictionary 472 ( 197 l ); Random House Dictionary of the English Language 305 (1967). Concreteness, therefore, is quite different from particularization.

*Spokeo,* 136 S. Ct. at 1548.

Here, as in *Spokeo,* Plaintiff has failed to articulate any concrete injury from the alleged failure to properly fund the Fulton County Board of Registration and Elections. Plaintiff's claims are premised entirely on the ***possibility*** that the failure increased funding and provision of staff and tools ***might result*** in burdens to voting. A generalized fear that injurious activity might occur is not sufficiently concrete to confer standing. Clapper v. Amnesty Intl USA, 568 U.S. 398, 410(2013) (rejecting "reasonable likelihood" of injury as sufficient to meet the injury in fact standard). Here, Plaintiff's allegations do not even rise to the level rejected as insufficient in *Clapper.* Instead, Plaintiff simply postulates  that the Defendant Counties have failed to provide the Boards of Elections with sufficient tools, staff and polling

6

places. [Doc. 1 at ¶ 3] of the Complaint. Courts "should not speculate concerning the existence of standing .... If the plaintiff fails to meet its burden, th[e] court lacks the power to create jurisdiction by embellishing a deficient allegation of injury." *Dimaio* v. *Democratic Nat'l* Comm., 520 F.3d 1299, 1301 (11th Cir. 2008) (quoting *Elene v. Basham,* 471 F.3d 1199, 1206 (11th Cir. 2006)). Plaintiff has failed to allege a concrete injury and therefore lacks standing to bring this action.

Additionally, an alleged injury must be traceable to the challenged conduct to constitute an injury in fact. *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409, 133 S.Ct. 1138 (2013). All of the harm suggested by Plaintiff is speculative. Plaintiff's claims are premised entirely on the possibility that the failure increased funding and provision of staff and tools might result in burdens to voting. A generalized fear that injurious activity might occur is not sufficiently concrete to confer standing. Clapper at, 410 (rejecting "reasonable likelihood" of injury as sufficient to meet the injury in fact standard).

3. **Plaintiffs have not shown that their proposed injuries are redressable.**

To have standing, any harm to Plaintiffs must also be "redressable by a favorable ruling" to confer standing. *Monsanto Co.,* 561 U.S.at 149. Even if this Court were to grant the relief Plaintiff is seeking, Plaintiff has not shown how that resolves the "injuries" that they allege. Indeed, people may still have to stand in

line, absentee ballots may get lost in the mail and a voluminous number of registration applications may be received such that each one may not get timely processed. The fact that the harm alleged by Plaintiffs may not be remedied by a favorable ruling further demonstrates that Plaintiff lacks standing to assert these claims.

**B.**  **Plaintiff's Complaint Should Be Dismissed For Failure to State a Claim Upon Which Relief Can Be Granted.**

**1. Plaintiff's Complaint Speculates About the Alleged Infractions Instead of Providing Factual Allegations**

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986).

A plaintiff must plead more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (alteration in original) (quoting Twombly, 550 U.S. at 557).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

The Complaint is comprised mostly of the types of naked assertions, conclusory allegations, and unsupported legal conclusions prohibited under federal pleading standards and lacks sufficient factual matter to state a claim for relief that is plausible on its face, mandating its dismissal.

The complaint that has been filed in this case simply speculates that the counties have underfunded the respective BREs and that the alleged lack of funding led to long lines at the polls and delayed processing of registration forms and absentee ballots.  Plaintiff even states in its own Complaint that something as simple as forgetting to provide power cords to voting machines… *can trigger* four hour long lines.  [*See* Doc 1 at ¶ 3].  Although unflattering, this statement by itself acknowledges that one of the burdens that Plaintiff alleges burdens the right to vote –standing in line, can be caused by something other than a failure to provide

necessary funding, machines and staff.

Further, Plaintiff asserts that the alleged failures are globally present in all four Defendant counties without providing any factual allegations to support this conclusion. While all of the Defendants are counties in the State of Georgia, each differs from the other defendants in the budget allocated to the county board of registration and elections, the amount of staff each board has, the number of polling places that each Defendant provides and the number of voting machines that each Defendant has. (It is a "shotgun pleading" in this regard). Plaintiff complaint lacks factual allegations to support its theoretical conclusions and its complaint should therefore be dismissed.

### 2. Plaintiff Does Not Have a Colorable Claim Under 42 U.S.C. § 1983.

The law governing the invocation of section 1983 for alleged "failures" of the electoral process is well settled. **The [federal] Constitution is not an election fraud statute: protection is extended to the right of all qualified citizens to vote in state and federal elections**…. *Bodine v. Elkhart County Election Bd*., 788 F.2d 1270 (1986) *citing Reynolds v. Sims,* 377 U.S. 533, 554, 84 S.Ct. 1362, 1377-78, 12 L.Ed.2d 506 (1964). "It is not every election irregularity, however, which will give rise to a constitutional claim and an action under section 1983." *Hennings v. Grafton,* 523 F.2d 861, 864 (7th Cir.1975). The court in *Hennings* held that section 1983 is

implicated only when there is "*willful* conduct which undermines the organic processes by which candidates are elected." 523 F.2d at 864 (emphasis added); *see also Shannon v. Jacobowitz*, 394 F.3d 90, 97 (2d Cir.2005) ("Because no conduct is alleged that would indicate an intentional deprivation of the right to vote, we find no cognizable federal due process claim."); *Burton v. Georgia*, 953 F.2d 1266, 1268 (11th Cir.1992) ("Principles of federalism limit the power of federal courts to intervene in state elections.")   Because Plaintiff has failed to show any willful conduct on the part of Fulton County, they have failed to state a constitutional violation of the Fourteenth Amendment. Every election irregularity or problem does not rise to a constitutional violation. *See Pettengill v. Putnam County R-1 Sch. Dist.*, 472 F.2d 121, 121-22 (8th Cir. 1973).   Indeed, the Constitution does not mandate flawless or perfect elections. *Bodine* 788 F.2d at 1272 (7th Cir. 1986). Absent invidious discrimination or "fraudulent interference with a free election by stuffing the ballot box," irregularities do not amount to constitutional violations. *Pettengill*, 472 F.2d 121, 122 (8th Cir. 1973).

In addition, *Gamza v. Aguirre*, 619 F.2d 449, 453 9 (5th Cir. 1980) the Fifth Circuit explained that "[i]f every state election irregularity were considered a federal constitutional deprivation, federal courts would adjudicate every state election dispute, and the elaborate state election contest procedures, designed to assure

speedy and orderly disposition of the multitudinous questions that may arise in the electoral process, would be superseded by a section 1983 gloss." As such Plaintiff's vague assertions regarding impositions on the right to vote are insufficient to raise a colorable claim under 42 U.S.C. § 1983.

### 3. Plaintiff Fails to Sufficiently Allege an Equal Protection Claim.

Plaintiff's equal protection claim appears to be premised on premised on an allegation that electors were inconvenienced on Election Day. [Doc 1 at ¶¶ Par 3, 5 and 6]. Plaintiff has not made out an Equal Protection claim.

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons *similarly situated* should be treated alike. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (emphasis added). An Equal Protection claim requires a showing that a plaintiff has been the victim of intentional discrimination. *Batson v. Kentucky*, 476 U.S. 79, 94, n.18 (1986). The requisite discriminatory purpose must be "more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (internal citations omitted).

A plaintiff may prove intent with direct or circumstantial evidence. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1189 (11th Cir. 1999). The first step in any Equal Protection claim is to establish that a recognizable, distinct class is singled out for different treatment under the laws as written or as applied. *Castaneda v. Partida*, 430 U.S. 482, 494 (1977). Here, Plaintiff fails this first step. Plaintiff's Complaint is not that similarly situated voters are treated differently, it's that voters that choose to vote on Election Day *may* have to wait in long lines, and new voters *may* be prevented from voting during advance voting. In other words, Plaintiff fails to identify two classes of voters which are similarly situated. As soon as a voter picks their ballot method, they become dissimilar. All voters get a choice to vote by absentee ballot, during advance voting or on Election Day or by DRE machine.. In making this choice, a voter has discretion in determining whether he or she will need for a ballot to be mailed to him or her, whether he or she will avail themselves of one of the various places offered to vote countywide for several weeks, including a weekend, or whether he or she will choose to wait until Election Day to vote. "To maintain this focus on discrimination, and to avoid constitutionalizing every state regulatory dispute, [courts] are obliged to apply the 'similarly situated' requirement with rigor." *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1207 (11th Cir. 2007). "Different treatment of dissimilarly situated persons does not violate the equal protection

clause." *Id.* (quoting *E & T Realty v. Strickland*, 830 F.2d 1107, 1109 (11th Cir. 1987)).  Where, as here, there are no allegations that the only impacted electors were a members of a suspect or quasi-suspect class, "[t]he general rule is that [the state action] is presumed to be valid and will be sustained if the classification drawn by the [state action] is rationally related to a legitimate state interest."  *City of Cleburne*, 473 U.S. at 440.

New voters that are registering for the first time are dissimilar to previously registered voters. Consequently, the jurisprudence in this area mandates that Plaintiff's Section 1983 claims be dismissed for failure to state a claim for a Fourteenth Amendment violation.

## C.  Plaintiff Is Not Entitled to Extraordinary Remedies

Although Plaintiff has not specifically pled the elements of a declaratory judgment, a writ of mandamus or an injunction, Plaintiff asks for relief in the nature of all of these extraordinary remedies.  As will be shown below, Plaintiff is not entitled to the grant of any of its requested relief.

### 1.  Plaintiff is Not Entitled to Declaratory Judgment.

Plaintiff does not specifically include counts in the Complaint regarding a Declaratory Judgment.   However, in the prayer for relief, Plaintiff requests "a judgment declaring that Defendants have violated the Fourteenth Amendment of the United States Constitution.  "Declaratory judgment will not be entertained where the rights of the parties have accrued and the plaintiff faces no risk of taking future undirected action." Chambers of Ga. v. Dept. of Natural Resources, 232 Ga. App. 632, (1998); see also Baker v. City of Marietta, 271 Ga. at 214 (1999).  See also A & H Sod, Inc. v. Johnson, 279 Ga. App. 252 (2006).

Declaratory judgments that are merely advisory are unauthorized. See Higdon v. City of Senoia, 273 Ga. 83, 85 (2000).  A declaratory judgment would be considered advisory in four circumstances.  First, where the party seeking the declaratory judgment fails to show it is in a position of uncertainty as to an alleged right or, second, where the rights of the parties have already accrued and the party seeking the declaratory judgment does not risk taking future undirected action.  Id. Third, a declaratory judgment would be advisory if it were rendered based on a possible or probable future contingency.  See Baker v. City of Marietta, 271 Ga. 210 (1999).  Finally, if the claim for declaratory judgment presents a question of academic interest, then declaratory judgment would be advisory.  Id. at 214.  As stated in Venable v. Dallas, 212 Ga. 595 (1956) "[i]t has been said that the

declaratory judgment law permits one who is walking in the dark to turn on a light to ascertain where he is and where he is going. (Citations omitted.) However, one walking in full daylight, who knows where he is going and is confident of the course he is pursuing has no need either of artificial light or judicial advice."

Plaintiff's request for Declaratory Judgment fails as a matter of law. The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated. "As many times pointed out by this [C]ourt, its purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole."  Richardson v. Phillips, 302, Ga. App. 305 (2010), citing Farm & Home Life Ins. Co. v. Skelton, 235 Ga. App. 507, 508 (1998).  See also State Farm Mutual Ins. Co. v. Allstate Ins. Co., 132 Ga. App. 332, 334 (1974) (a declaratory judgment "represents a signal for the future, not a seal of approval (or otherwise) for the past").

### 2.  Plaintiff is Not Entitled to an Injunction

Despite Plaintiff's misleading and threadbare recital of the alleged problems occurring with elections in the Defendant counties, Plaintiff has failed to satisfy the requirements for showing that they are entitled to the extraordinary remedy of an injunction against Fulton County.  Plaintiff cites no authority in support of its

position, because none exists.

In order to obtain injunctive relief pursuant to Federal Rule of Civil Procedure 65, the moving party must show: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). Injunctive relief "is an extraordinary and drastic remedy, not to be granted unless the movant clearly established the 'burden of persuasion'" as to **each of the four prerequisites**. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998)(internal citations and quotations omitted); see also Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975) (injunctive relief "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). In order to be entitled to injunctive relief, plaintiffs must meet the burden of persuasion on all four of the delineated factors. *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir. 1981). Plaintiff has not alleged any of the required elements required for the issuance of an injunction. Additionally, even if Plaintiff's had sufficient pled a request for an injunction, this request for relief is also barred by sovereign immunity. See *Lathrop,* 301 Ga. 408, 444, 801 S.E.2d 867, 892 (2017)

### 3.  Plaintiff is Not Entitled to a Writ of Mandamus

Although Plaintiff prays that the court "direct Defendants to take all necessary actions in advance of the 2020 elections to protect voters by reforming and improving their election procedures to comply with the fourteenth amendment…", Plaintiff has also failed to sufficiently plead a writ of mandamus.

Mandamus will not lie against Fulton County where it has exercised discretion and Plaintiff has no clear legal right.

A writ of mandamus is a "harsh" remedy of last resort, appropriate only in "limited circumstances."  *Police Benevolent Ass'n v. Brown*, 268 Ga. 26, 26-27 (1997); *Lansford v. Cook*, 252 Ga. 414 (1984); *see also Smith & Wesson Corp. v. City of Atlanta*, 273 Ga. 431, 433 (2001).  As the Georgia Supreme Court has stated, mandamus is an extraordinary remedy that may be granted:

> <u>only</u> when the petitioner has a <u>clear legal right to the relief sought</u> or the public official has committed a gross abuse of discretion.   In general, <u>mandamus relief is not available to compel officials to follow a general course of conduct, perform a discretionary act, or undo a past act</u>.

*Schrenko v. DeKalb Cnty. Sch. Dist.*, 276 Ga. 786, 794 (2003) (emphases added) (footnotes omitted).  Although the writ of mandamus originated as a common law writ, it is now controlled by statute.  *Bregman v. Orkin Exterminating Co.*, 213 Ga. 561, 563 (1957); *see also* O.C.G.A. § 9-6-21(a).

Generally, mandamus is proper in only two situations: where the public official has committed a "gross abuse of discretion" or has failed to discharge a "clear legal duty." *See Bibb Cnty. v. Monroe Cnty.*, 294 Ga. 730, 735 (2014) ("Where performance *is required* by law, a clear legal right to relief will exist either where the official or agency fails entirely to act or where, in taking such required action, the official or agency commits a gross abuse of discretion.") (emphasis added). *Accord Georgia Dep't of Transp. v. Peach Hill Props., Inc.*, 278 Ga. 198 (2004); *Pryor Org. v. Stewart*, 274 Ga. 487, 488 (2001). A "gross abuse of discretion" is proven only by evidence that the official's act or refusal to act is "arbitrary, capricious and unreasonable." *City of Atlanta v. Wansley Moving & Storage Co.*, 245 Ga. 794, 796 (1980); *Dep't Cmty. Health v. Gwinnett Hosp. Sys., Inc.*, 262 Ga. App. 879, 883 (2003).

"[M]andamus is proper to compel the undertaking of some official action to which the petitioner has a clear legal right, but it is not proper either to prescribe how that action is taken or to preordain its result." *Id*. at 736; *Peach Hill Props.*, 278 Ga. at 201; *Dougherty Cnty. v. Webb*, 256 Ga. 474 (1986); *Citizens & S. Nat'l Bank v. Indep. Bankers Ass'n*, 231 Ga. 421, 425 (1973). ""Even where official action of some sort is required, . . . where the action involves the <u>exercise of</u>

discretion, <u>mandamus will not lie to dictate the manner in which the action is taken</u> or the outcome of such action." *Bibb Cnty.*, 294 Ga. at 736.

For purposes of mandamus, "discretionary" acts are defined as those which "call for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." *Bland Farms, LLC v. Georgia Dep't of Agriculture*, 281 Ga. 192, 194-5 (2006); *Banks v. Benham*, 270 Ga. 91, 92 (1998); *Titelman v. Stedman*, 277 Ga. at 462.  As the Georgia Supreme Court recently held in *Ray v. Carthen*, 275 Ga. 459 (2002), "where a duty involves judgment or discretion on the part of the actor, the writ of mandamus is not an appropriate remedy." *Id*. at 461 (emphasis added).

Fulton County has exercised its discretion in the provision of resources to the Fulton County Board of Registration and Elections. "Even where official action of some sort is required, however, where the action involves the exercise of discretion, mandamus will not lie to dictate the manner in which the action is taken or the outcome of such action." *Bibb Cnty.*, 294 Ga. at 736.  Plaintiff has not only failed to state a claim under, but has asserted a position that lacks substantial justification under Georgia law.

## **CONCLUSION**

Based on the foregoing, the Fulton County requests that this Court grant the requested Motion to Dismiss.

**Respectfully submitted this 18th day of April, 2019.**

> **OFFICE OF THE COUNTY**
> **ATTORNEY**
>
> **/s/Cheryl Ringer**
> **Kaye Burwell**
> **Georgia Bar Number:   775060**
> **kaye.burwell@fultoncountyga.gov**
> **Cheryl Ringer**
> **Georgia Bar Number: 557420**
> **cheryl.ringer@fultoncountyga.gov**
> **David Lowman**
> **Georgia Bar Number: 460298**
> **david.lowman@fultoncountyga.gov**
> **ATTORNEYS FOR**
> **FULTON COUNTY, GEORGIA**

**Office of the County Attorney**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing **BRIEF IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFENDANT FULTON COUNTY** was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

This 18th day of April, 2019.

**/s/ Cheryl Ringer**
Cheryl Ringer
Georgia Bar Number: 557420

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GEORGIA SHIFT,                                    )
                                                 )     CIVIL ACTION FILE NO.:
    Plaintiff,                               )
                                                 )     1:19-CV-1135-AT
v.                                               )
                                                 )
GWINNETT COUNTY, FULTON COUNTY )
DEKALB COUNTY, and COBB COUNTY      )
                                                 )
    Defendant(s).                           )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I have electronically filed the foregoing

**BRIEF IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF**

**DEFENDANT FULTON COUNTY** with the Clerk of Court using the CM/ECF

system, which will automatically send email notification of such filing to the

following attorneys of record:

Angela Liu Dechert LLP-IL
Suite 3400
35 West Wacker Dr.
Chicago, IL 60601

Dale E. Ho
NAACP Legal Defense and
Education Fund, Inc.
99 Hudson Street

23

16th Floor
New York, NY 10013

Bennett Davis Bryant
Shelley Driskell Momo
DeKalb County Law Dept.
5th Floor
1300 Commerce Drive
Decatur, GA 30030

Neil Alan Steiner
Dechert LLP-NY
1095 Avenue of the Americas
New York, NY 10013

Sean Young
American Civil Liberties Union
Foundation of Georgia, Inc.
P.O. Box 77208
1100 Spring St., N.W., Ste. 640
Atlanta, GA 30357

Sophia Lin Lakin
American Civil Liberties Union Foundation-NY
18th Floor
125 Broad Street
New York, NY  10004

Bryan P. Tyson
Taylor English Duma, LLP
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339

This 18th day of April, 2019.

**s/ Cheryl Ringer**
Cheryl Ringer
Georgia Bar Number: 557420
Cheryl.ringer@fultoncountyga.gov