## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **GEORGIA SHIFT,** | |
| Plaintiff, | **CIVIL ACTION FILE NO.** |
| | **1:19-CV-1135** |
| v. | |
| **GWINNETT COUNTY, FULTON COUNTY, DEKALB COUNTY, and COBB COUNTY,** | |
| Defendants. | |

## DEKALB COUNTY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO STAY DISCOVERY

COMES NOW, Defendant DeKalb County, and files this Reply to Plaintiff's

Opposition to Defendants' Motions to Stay Discovery (the "Response"), and shows

this Court the following:

Plaintiff's Response in opposition to the defendants' motion to stay discovery

("Motion to Stay") is unpersuasive, because based on the Local Rules, a stay will

have little effect on Plaintiff; Plaintiff fails to fully address the defendants'

arguments in favor of staying discovery; and Plaintiff attempts to incorrectly narrow

1

the legal standard for when a stay of discovery is proper in the Eleventh Circuit. As a result, this Court should grant the Motion to Stay.[1]

First, Defendants here have requested a full stay of discovery, including preliminary deadlines such as the Rule 26(f) conference, initial disclosures, and joint preliminary report and discovery plan. [Doc. 47]. As an initial matter, the Local Rules of the Northern District of Georgia state "[t]hat the discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint," so the only deadlines at issue in this Motion to Stay are the preliminary deadlines. LR 26.2, NDGa. Because only basic information is gained from the preliminary disclosures and conference, there will be minimal to no harm to Plaintiff if the Defendants' Motion to Stay is granted.

Further, Plaintiff oversimplifies Defendants' argument in favor of a stay of discovery in this litigation by implying that Defendants' mainly argue that, as a matter of course, discovery should be stayed in cases with pending dispositive motions. [Id.]. This is incorrect and fails to consider Defendants' other arguments in support of staying discovery: (1) the underlying motions to dismiss present purely legal issues that do not require discovery to resolve; (2) if granted, the motions to

---

[1]     As noted in Plaintiff's Response, Defendant DeKalb County, along with Gwinnett County and Fulton County, incorporated by referenced Cobb County's Motion to Stay Discovery. Hereafter, all of the defendant counties shall collectively be referred to as "Defendants".

dismiss would dispose of Plaintiff's entire case against the Defendants; (3) a stay would conserve governmental and judicial resources by avoiding the significant costs and time commitment on litigants and the Court system; and (4) a stay of discovery while the motions to dismiss are pending would be relatively short and not harmful to Plaintiff. [Docs. 47].

Moreover, Plaintiff incorrectly attempts to narrow the standard for when a stay of discovery is proper by ignoring the Chudasama v. Mazda Motor Corp. progeny of cases and their prevalence within the Eleventh Circuit. 123 F.3d 1353 (11th Cir. 1997). As set forth in the Motion to Stay, the Eleventh Circuit repeatedly cites to Chudasama in favor of staying discovery where a facial challenge to the legal sufficiency of a claim, such as a motion to dismiss, is pending. Id., 123 F.3d at 1367; Lawrence v. Governor of Georgia, 721 F. App'x. 862 (11th Cir. 2018) (finding that the problematic nature of the complaint gave the district court sufficient basis to grant a motion to stay); Roberts v. FNB South of Alma, Georgia, 716 F. App'x. 864 (11th Cir. 2017) (finding that the district court properly stayed discovery pending a ruling on a motion to dismiss, because there was no need for discovery before the court ruled). Lower courts interpreting Chudasama agree that staying discovery pending a motion to dismiss that will dispose of an entire case may be proper. See McCabe v. Foley, 233 F.R.D. 683 (M.D. Fla. 2006). Essentially, the court "must balance the harm produced by a delay in discovery against the possibility that the

motion will be granted and entirely eliminate the need for such discovery." Arriaga-Zacharias v. Lewis Taylor Farms, Inc., 2008 WL 4544470 (M.D. Ga. 2008) (citations omitted).[2] As set forth in the Motion to Stay, this balancing test weighs in favor of a stay of discovery because no discovery is necessary to resolve the motions to dismiss, conducting discovery otherwise would impose significant burdens on the litigants, and any delay to Plaintiff would be relatively short and not harmful to Plaintiff.[3] [Doc 47].

Finally, Plaintiff's supporting cases are also easily distinguishable and in some instances, offer further support for Defendants' argument that discovery should be stayed in this litigation. For instance, Plaintiff cites to Jones v. Bank of Am. Corp. to rebut the premise that discovery should be stayed as a matter of course

---

[2] Plaintiff's cited test to determine whether a stay of discovery should be granted is similar in some aspects, but not all, to the balancing test cited herein, and was seemingly adopted from a court outside of the Eleventh Circuit. N. Am. Med. Corp. v. Axiom Worldwide, Inc. 2006 WL 8446247 (N.D. Ga. (citing Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 155 (E.D.N.Y. 2006)). Further, the Axiom Worldwide case is distinguishable from this litigation because the motion to dismiss in that case was based in large part on a motion to disqualify counsel.

[3] Plaintiff attempts to lengthen the potential delay and resulting harm caused by a stay in this case by noting that this Court has ordered that Plaintiff may file an amended complaint in lieu of filing a response to the motions to dismiss, which may trigger another round of dispositive motions. As noted in DeKalb County's motion to dismiss, Plaintiff has filed a shotgun pleading that should require a more definite statement if not dismissed. [See Doc. 46]. Plaintiff should not be able to use its failure to adequately plead its complaint to its benefit. Any delay caused by Plaintiff's decision to file an amended complaint should not be held against Defendants.

where a motion to dismiss is pending, but fails to note that the Middle District of Georgia agrees a stay may be appropriate "where the pending motion will dispose of the case or narrow the issues." 2013 WL 5657700, at *2 (M.D. Ga. Oct. 15, 2013) (citing Massey v. Fed. Nat. Mortg. Ass'n, 2012 WL 3685959, at *1 (S.D. Ga. Aug. 24, 2012)). That case is further distinguished because the court noted that the defendant seeking a stay had participated in discovery off and on throughout the five-year life of the case and had the opportunity to make the same dispositive argument years ago. Id. Plaintiff also cites to Reilly v. Amy's Kitchen, Inc., a Florida case where the court denied a motion to stay, because the defendant failed to make the requisite showing of burdensomeness and the court expressed doubt that the motion would be dispositive of the plaintiff's case. 2013 WL 3929709 (S.D. Fla. 2013). Unlike the facts in Reilly, Defendants here have shown a burden on the government's resources if required to participate in discovery while its motion to dismiss is pending, and Plaintiff, by suggesting that it may file an amended complaint in lieu of a response, has confirmed that Defendants' motions to dismiss are not meritless. [Doc. 1, p 2]. Finally, Plaintiff cited Arriaga-Zacharias for the proposition that discovery should not be stayed as a matter of course for a motion to dismiss, but the Middle District of Georgia in that case granted a stay of discovery where the Court stated there was potential for a claim to be dismissed and the parties could avoid the cost of broad discovery. 2008 WL 4544470 (M.D. Ga.).

Accordingly, Plaintiff's supporting case law is distinguishable from the facts in this case.

## CONCLUSION

For the reasons set forth herein and those set forth in the Defendants' Motion to Stay, this Court should exercise its discretion and stay discovery in this case until Defendants' motions to dismiss are ruled on.

Respectfully submitted this 28th day of May, 2019.

> LAURA K. JOHNSON
> DEPUTY COUNTY ATTORNEY
> Georgia Bar No. 392090
>
> BENNETT D. BRYAN
> SENIOR ASSISTANT COUNTY ATTORNEY
> Georgia Bar No. 157099
>
> /s/    SHELLEY D. MOMO
> SHELLEY D. MOMO
> ASSISTANT COUNTY ATTORNEY
> Georgia Bar No. 239608
>
> 1300 Commerce Drive, 5th Floor
> Decatur, GA 30030
> (404) 371-3011
> *Attorneys for Defendant DeKalb County*

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**GEORGIA SHIFT,**

        Plaintiff,

v.

**GWINNETT COUNTY, FULTON COUNTY, DEKALB COUNTY, and COBB COUNTY,**

        Defendants.

**CIVIL ACTION FILE NO.
1:19-CV-1135**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system (which document was prepared in Times New Roman font, 14-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C)), which will automatically send e-mail notification of such filing to counsel of record.

This 28th day of May, 2019.

                          */s/    SHELLEY D. MOMO*
                          SHELLEY D. MOMO
                          ASSISTANT COUNTY ATTORNEY
                          Georgia Bar No. 239608

PERSONS SERVED:

Sean J. Young
American Civil Liberties Union
Foundation of Georgia, Inc.
P.O. Box 77208
Atlanta, GA 30357

Sophia Lin Lakin
Dale E. Ho
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

Neil A. Steiner
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036

Angela M. Liu
Dechert LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601

Dale E. Ho
NAACP Legal Defense And
 Education Fund, Inc.
99 Hudson Street
16th Floor
New York, NY 10013

Bryan P. Tyson
Taylor English Duma, LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339

David R. Lowman
Kaye Woodard Burwell

Cheryl Ringer
Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303

H. William Rowling, Jr.
Elizabeth Ahern Monyak
Lauren S. Bruce
Deborah L. Dance
Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, GA 30090