**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

<table>
<tr><td>

GEORGIA SHIFT, LYNN BRINDELL,
VELMA LAMBERT, AND
NYOTA EDJIDJIMO

<br>

                       Plaintiffs

    vs.

GWINNETT COUNTY, et al.

               Defendants.

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

Civil Action No.:
1:19-CV-01135-AT

</td></tr>
</table>

**PLAINTIFFS' OPPOSITION TO MOVING DEFENDANTS'
<u>MOTION TO STAY DISCOVERY</u>**

Defendants Fulton County, DeKalb County, and Cobb County (the "County Defendants") and Defendants Fulton County Board of Registration and Elections, DeKalb County Board of Registration and Elections, and Cobb County Board of Elections and Registration (the "County Election Board Defendants") (collectively, the "Moving Defendants") filed a motion on August 14, 2019 ("Motion" or "Mot.") (Dkt. 73), seeking to postpone the long-overdue Rule 26(f) conference and stay all discovery pending the Court's determination of their motions to dismiss. The Moving Defendants' continued refusal to engage in any discovery – which should be nearly complete under this Court's normal scheduling, and instead essentially has

not even begun – threatens the viability of holding a trial in this action and enabling the Court to issue a ruling on a full record in advance of the March 2020 primary election.  Rather, the Moving Defendants' unilateral conduct will potentially necessitate compressed preliminary discovery and a preliminary injunction motion prior to the primary, followed by a full trial on the merits between the primary election and the November 2020 general election.

Such inefficient duplication is a waste of the Court's and the parties' resources, and could also require constitutional issues to be determined on a preliminary record rather than with the benefit of a full hearing on the merits. Tellingly, the other Defendants—Gwinnett County and Gwinnett County Board of Registration and Elections (collectively, the "Gwinnett Defendants")—have participated in a Rule 26(f) conference, served their initial disclosures, and elected not to join the Motion to Stay Preliminary Discovery.  The Moving Defendants' Motion has no merit and should be denied.

Plaintiff Georgia Shift filed its initial complaint in this action on March 11, 2019.  That Complaint named only the County Defendants (as well as Gwinnett County) as defendants.  Dkt. 1.  After the County Defendants filed Motions to Dismiss on April 18, 2019 (Dkts. 41, 44, 45, 46), Plaintiffs filed an Amended Complaint as of right on May 30, 2019, adding the County Election Board

Defendants.  Dkt. 57.  On August 5, 2019, the Moving Defendants and the Gwinnett Defendants filed Motions to Dismiss the Amended Complaint.[1]  Dkts. 66-69. Plaintiffs and the Gwinnett Defendants thereafter engaged in a Rule 26(f) conference and exchanged initial disclosures, Dkt. 72 (Certificate of Service for Initial Disclosures), but the Moving Defendants have categorically refused to do either.

The Moving Defendants' Motion relies on a purported blanket rule that does not exist.  Specifically, they seek to stay discovery and postpone the Rule 26(f) conference, Initial Disclosures, and Joint Discovery Report, based solely on Defendants' conclusory and self-serving claim that their motions to dismiss have merit and they thus should not be required to engage in discovery.  But this assertion could be made in *every* case.

Automatically staying discovery whenever a motion to dismiss is filed would upend the Federal Rules of Civil Procedure and the Local Rules of this Court. Indeed, Local Civil Rule 16.1 expressly requires a Rule 26(f) conference to be held "within sixteen days after the *appearance* of *a* defendant *by answer or motion*," and Local Rule 16.2 requires the Joint Preliminary Report and Discovery Plan to be filed

---

[1] On August 7, 2019, the Court granted Plaintiffs' unopposed motion for a two-week extension (until August 30, 2019) to file a single 50-page opposition to Defendants' four separate motions to dismiss totaling more than 100 pages.  Dkt. 70.

within "thirty days after the *appearance* of the *first* defendant by answer or motion." L.R. 16.1, 16.2, N.D. Ga. (emphasis added).  Neither these Local Rules, nor any other applicable statute, Federal Rule, Local Rule, or Individual Practice stays or delays discovery until after a decision on a motion to dismiss.  To the contrary, Local Rule 16.1 specifically provides that the sixteen day period to hold the Rule 16(f) conference begins to run on the appearance of a Defendant by answer *or motion*. Yet the Moving Defendants have unilaterally refused to engage in any of the *required* discovery activities for more than four months since the County Defendants first appeared.  Nor does the Eleventh Amendment immunize Defendants from complying with the Federal Rules of Civil Procedure or this Court's Local Rules— particularly where, as here, the County Defendants do not even claim to have immunity.

For the reasons demonstrated below, this Court should deny Defendants' Motion, and instruct the parties to conduct the Rule 26(f) conference on or before September 6, 2019; file a Joint Preliminary Discovery Plan and serve Initial Disclosures no later than September 10, 2019.  Plaintiffs further request that the Court further direct that all discovery in this action be completed by December 20, 2019, and that it set a trial date in early 2020 to permit sufficient time for implementation of relief in advance of the March 2020 primary election.

4

## ARGUMENT

The decision whether to stay or condition discovery, or direct that it proceed in stages, lies within the sound discretion of the Court.  *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district court courts have in managing their cases"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("We recognize that district courts enjoy broad discretion in deciding how best to manage the cases before them").  While this discretion includes the ability to stay discovery "when a district court is presented with a motion to dispose of a claim for relief that would substantially enlarge the scope of discovery," *James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018), the Moving Defendants bear the heavy burden of showing good cause and reasonableness to justify a stay of discovery.  *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-cv-32, 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008).  Indeed, discovery should not be "stayed as a matter of course whenever a defendant files a motion to dismiss"; rather, the Court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."  *Id.*  As demonstrated below, the Moving Defendants fall far short of carrying their burden here.

### A.   The Moving Defendants Have Not Met Their Burden to Stay Discovery Simply Because Their Motions to Dismiss Are Pending.

Contrary to Defendants' suggestion, "[n]othing in *Chudasama* [*v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997)] . . . means 'discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss.'"  *Jones v. Bank of Am. Corp.*, No. 4:08-cv-152, 2013 WL 5657700, at *2 (M.D. Ga. Oct. 15, 2013) (citing *Arriaga-Zacarias*, No. 7:08-cv-32, 2008 WL 4544470, at *1; *North Am. Med. Corp. v. Axiom Worldwide, Inc.*, No. 1:06-cv-1678, 2006 WL 8446247, at *4 (N.D. Ga. Dec. 28, 2006) ("Simply put, [the motion to dismiss] standing alone, is insufficient to constitute good cause"); *Chudasama*, 123 F.3d at 1367 (failure to consider pretrial motion "*can be*" an abuse of discretion) (emphasis added).  In fact, Courts in the Eleventh Circuit routinely hold that there is no *per se* rule warranting a stay of discovery in every case where a motion to dismiss is pending.[2]

*Arriaga-Zacarias*, upon which Defendants rely, is instructive.  Recognizing that discovery should not be stayed as a matter of course and that it must weigh the

---

[2] *See, e.g.*, *Jones*,  2013 WL 5657700, at *2  (denying motion to stay discovery, explaining that it was sufficiently ambiguous whether the pending motions to dismiss will prevail); *Clifton v. Jeff Davis Cty.*, No. 2:16-cv-108, 2017 WL 2604256, at *3 (S.D. Ga. June 15, 2017) (denying defendant county's renewed motion to stay, explaining that defendants have not shown that allowing discovery to proceed prior to a ruling on the motion to dismiss will significantly expand the scope of discovery and, regardless, a ruling on motion to dismiss would not dismiss all claims against all defendants); *Posen Constr., Inc. v. Lee Cty.*, No. 2:11-cv-640, 2012 WL

harm that would be caused by a delay against the possibility that the motion to dismiss would "*entirely eliminate*" the need for discovery, the Court concluded that even if the pending motion to dismiss had merit, it would not "eliminate" the need for discovery.  Accordingly, the motion to dismiss was "not a proper basis for staying discovery."  *Id.*  Here, too, there is little doubt that the Moving Defendants have relevant documents and information that is subject to discovery, and that at least some claims will inevitably proceed to trial against at least some Defendants.

In support of their requests for a stay, the Moving Defendants simply rely on the supposed "fact" that the motions to dismiss "present[] purely legal issues" (the requirement for a 12(b)(6) motion) that can be resolved without discovery – even though the Defendants attach a self-serving declaration to their motion to dismiss and ask the Court to accept its factual assertions as true without being subjected to the rigors of the discovery process.  Mot. at 7.  Defendants argue that because their motions to dismiss might be granted, they should not be required to incur the time or expense of discovery.  *Id.* at 10.  In short, Defendants have "done little more in their motion[s] than point to the pending motion[s] to dismiss," which alone is not

---

13098420, at *2 (M.D. Fla. July 31, 2012) (denying county's motion to stay where motion to dismiss would not dispose of all claims against all parties).

sufficient to justify a stay of discovery.  *Axiom*, 2006 WL 8446247, at *4.  The Motion to Stay should be denied on that basis alone.

Moreover, regardless of the legal issues, there can be no doubt that Defendants have relevant materials subject to discovery.  In fact, Defendant Cobb County & Cobb County Board of Elections and Registrations attached a declaration to their 50-page motion to dismiss in order to "prove" that Cobb County always appropriates sufficient funds requested by the Board.  *See* Dkt. 66.2 (Declaration of Janine Eveler, attached to Defendant Cobb County and Defendant Cobb County Board of Election and Registrations' Motion to Dismiss).  Plaintiff is entitled to *discovery* on that issue, and is not required to accept as true the "facts" asserted in a self-serving declaration attached to a motion to dismiss.

Last, Defendants cannot avoid discovery by relying on *Chudasama*—a case that involved gross mismanagement of the docket and is inapposite.  In *Chudasama*, the district court had unduly delayed in deciding a motion to dismiss, which had been pending and fully briefed for more than a year and a half, and which remained undecided while contentious discovery disputes continued unresolved.  *Chudasama*, 123 F.3d at 1357; *see also Mimbs v. J.A. Cambece Law Office, P.C.*, No. 12-cv-62200, 2013 WL 11982063, at *1 (S.D. Fla. June 13, 2013).  Additionally, the claim involved was a fraud claim that would expand the scope of discovery if allowed to

continue, and the plaintiffs sought "every tangible piece of information or property possessed by the defendants." *Chudasama*, 123 F.3d at 1357; *Mimbs*, 2013 WL 11982063, at *1.  In finding an abuse of discretion, the Eleventh Circuit emphasized "the mismanagement by the [district] court" and its utter failure to manage its docket; it did not adopt a broad rule that discovery should be deferred or stayed whenever there is a pending motion that is potentially dispositive.  *Chudasama*, 123 F.3d at 1370.[3]  That is particularly true here, where the parties have no basis to believe, much less contend, that the Court will not promptly consider Defendants' motions to dismiss when they are fully briefed and submitted in early September 2019.  Even if a Rule 26(f) conference is held immediately, the parties are likely only to have

---

[3] Defendants' remaining cases stand for the unremarkable position that courts weigh varying considerations not present in this case and in no way suggest that discovery cannot move forward during a pending motion to dismiss.  Mot. at 7-9 (citing, *e.g.*, *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (court entitled to discretion in managing pretrial discovery in anticipation of a motion to dismiss filed by a *pro se* plaintiff against defendant bank after same defendant bank filed a foreclosure action against the plaintiff), *remand*, No. 15-81307, 2018 WL 4293151 (S.D. Fla. Sept. 10, 2018), *aff'd*, No. 18-13963, 2019 WL 2419484 (11th Cir. 2019); *Federal Deposit Ins. Corp. v. Patel*, No. 1:13-cv-00382, 2013 WL 12212317, at *1 (N.D. Ga. May 13, 2013) (recognizing there are limits to standard of staying discovery which applies in unique circumstances, and finding that "some limited discovery may be necessary before a meaningful ruling can be made."); *Principle Sols. Grp., LLC v. Ironshore Indem., Inc.*, No. 1:15-cv-4130, 2016 WL 9049187, at *1 (N.D. Ga. Mar. 22, 2016) (no **additional** discovery needed to resolve motion for summary judgment)).

served and responded to written discovery and possibly begun the production of documents by the time of a ruling on the motions to dismiss, while depositions will almost certainly occur after the decision on the motions to dismiss. There is simply no reason to delay discovery planning and written discovery by another one to two months, particularly given the tremendously prejudicial impact the loss of that time will have on the trial and election calendar.

**B.    The Moving Defendants Have Not Met Their Burden to Stay Discovery Based on an Immunity Defense Asserted by Some Defendants.**

The Moving Defendants also argue that Defendants *cannot* be required to participate in discovery until the Court has ruled on immunity as to *some* of the Defendants, namely the County Election Board Defendants.[4] This, however, is no basis for indefinitely delaying discovery as to the County Defendants, the original defendants in this case, which have not asserted any immunity defense at all. Indeed, more than four months have passed since the County Defendants filed their initial motions to dismiss. The County Defendants are the ones that insisted in their original motions to dismiss that the County Election Board Defendants were necessary parties. They should not now be able to use the addition of the County

---

[4] Moving Defendants acknowledge that Defendant Counties have not raised an immunity claim. Mot. at 6.

Election Board Defendants to stall discovery further on a lowest common denominator theory. At a minimum, discovery should proceed as to the County Defendants, who do not have and have not raised an immunity defense.

Defendants' suggestion that all discovery of all defendants is automatically stayed because some defendants raise an immunity defense is wholly without merit. Defendants rely predominantly on *Bouchard* and *City of Enterprise* for this argument. Mot. at 3-5 (*Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445 (11th Cir. 1996) and *Howe v. City of Enterprise*, 861 F.3d 1300 (11th Cir. 2017)). But a plain reading of *Bouchard* makes clear that the Court is not required to stay discovery. Although the Court may not "unnecessarily" reserve ruling on the Moving Defendants' assertion of immunity and order the parties to *mediate*, *id.* at 1448-49, the Court continues to have broad discretion in entering "other preliminary orders" necessary to managing the court's affairs before ruling on an Eleventh Amendment claim. *Id.* at 1449 n.6. Moreover, unlike *Bouchard*, no one has suggested that the Court defer ruling on the immunity defense, or that the Court order the Defendants to do anything beyond what is prescribed in the Federal Rules of Civil Procedure and Local Rules.

And unlike the State's immunity defense in *Bouchard*, the Eleventh Amendment question presented in this case is not "a purely legal one," *id.* at 1447,

11

and instead requires a "fact-specific" inquiry.  *See* Dkt. 66.2 (Declaration of Janine Eveler, attached to Defendant Cobb County and Defendant Cobb County Board of Election and Registrations' Motion to Dismiss).  By attaching a factual declaration to the motion to dismiss, Defendants implicitly concede that it cannot be dismissed as a matter of law.  Plaintiff is entitled to discovery on those disputed issues, and is not required to accept a self-serving declaration as to the supposed "facts."  Simply put, Defendants cannot avoid discovery in this action.  Thus, this Court should summarily reject the immunity-based motion to dismiss because it is premised on disputed facts.  Doing so would render irrelevant the motion to stay on the basis of the meritless immunity defense.

In any event, contrary to Defendants' argument (Mot. at 5, relying on *City of Enterprise*), the Eleventh Circuit does not have a bright line test or "absolute right not to be subjected to litigation," that prohibits a government defendant from being required to participating in preliminary discovery prior to a formal ruling on Eleventh Amendment immunity.  Rather, *City of Enterprise* held that the district court's order denying the defendants' motion to dismiss the Section 1983 claims on the basis of qualified immunity was immediately appealable as a "final order"; the district court could not order the parties to confer and develop a discovery plan before formally deciding whether the defendants were qualifiedly immune from suit.

861 F.3d at 1302.  Nothing in *Bouchard* or in *City of Enterprise* prohibits this Court from concurrently considering motions to dismiss while also beginning discovery, particularly where, as here, the Moving Defendants' arguments based on immunity are wholly without merit.

Defendants' citation to *Gen-Tran Corp.* is likewise inapposite.  Mot. at 6 (citing *Gen-Tran Corp. v. Universal Prod. Concepts, Inc.*, No. 1:08-cv-3777, 2009 WL 10664931, *8 (N.D. Ga. Nov. 5, 2009)).  In *Gen-Tran*, the plaintiff brought its original complaint against one company only, and the parties proceeded with discovery prior to the addition of more defendants.  The additional defendants, including All-Power, then moved for a stay of discovery because the plaintiff had taken the position that the old discovery scheduling order was binding on the new defendant, even though it was not yet a party to the case when the discovery order was entered.  *Id.* at *1, *8.  The court explained that All-Power could not be bound by a scheduling order entered before All-Power became a party to the case.  *Id.* at *8.  And while Moving Defendants suggest that the court there stayed "merits discovery between *other* parties pending a ruling on *one* defendant's motion to dismiss," Mot. at 6, in actuality, significant amounts of discovery had already been exchanged, and the Court entered a new discovery cut-off date after the plaintiff had agreed to two more months of discovery.  *GenTran*, 2009 WL 10664931, at *9.

Unlike in *GenTran*, while discovery should have already begun with respect to the original Defendants, at the very least all Defendants should have been able to partake in a Rule 26(f) conference by August 21, 2019 (sixteen days after all parties had appeared by service of an answer or motion)—which the Moving Defendants have refused. Fed. R. Civ. P. 26(f). The parties should easily be able to move forward with discovery in a timely manner in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court, as the Gwinnett Defendants have already done.

### C. A Stay of Discovery Until After a Ruling on the Motions to Dismiss Would be Highly Prejudicial to Plaintiffs.

Finally, and most critically, Defendants do not and cannot point to any prejudice they would face in the absence of a stay. Instead, Defendants contend only that discovery would cost money—an assertion that is true for every party in litigation. *See, e.g.*, *Hoxie v. Livingston Cty.*, No. 09-cv-10725, 2010 WL 822401, at *1 (E.D. Mich. Mar. 4, 2010) ("The wheels of justice would surely grind to a halt if discovery were stayed pending dispositive motions and based on such generic allegations of undue burden and expensive."); *Standard Bank PLC v. Vero Ins., Ltd.*, No. 08-cv-02127, 2009 WL 82494, at *2 (D. Colo. Jan. 13, 2009) ("In addition, motions to dismiss are denied more often than they result in termination of a case. . . . Parties always are burdened when they engage in litigation, whether the case

14

ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs.   That is a consequence of our judicial system and the rules of civil procedure").[5]

Defendants contend that if the Court grants the stay, the parties "will have ample time to complete discovery in this case," Mot. at 9—not for a trial to be held, a decision rendered and a remedy implemented in time for the 2020 primary election. But the Declaration attached to the Cobb County Defendants' Motion to Dismiss suggests that the trial must be held in January 2020 at the latest in order to implement changes for the March 2020 primary election.  *See* Dkt. 66.2 (Declaration of Janine Eveler, attached to Defendant Cobb County and Defendant Cobb County Board of Election and Registrations' Motion to Dismiss, ¶ 14 (affirming that election plans are finalized 7-8 weeks prior to the election to enable sufficient time for poll worker

---

[5] Moving Defendants argue that a stay is needed to conserve governmental resources in particular, but in those cases there was no prejudice to Plaintiffs.  Mot. at 10.  For example, the factors the *Allmond* court used to find that the "requisite good cause exists" simply cannot be found here.  The defendants in *Allmond* argued the action was frivolous and noted the *pro se* plaintiff had previously been found to be a "prolific litigator" by the Court, and none of his actions had survived a motion to dismiss.  *Id.*  And the *Allmond* plaintiff did not oppose the motion.  *Allmond v. Duval Cty.*, No. 3:08-cv-486, 2008 WL 4833099 (M.D. Fla. Nov. 5, 2008); *see also Green v. Napolitano*, No. 11-cv-01163, 2011 WL 3583402, at *1 (D. Colo. Aug. 15, 2011) (plaintiffs did not oppose the motion to stay and thus no prejudice to any party by granting a stay).  In stark contrast, if discovery is stayed, the right to vote in the upcoming elections will be at stake.

training)).

The stay of discovery sought by the Moving Defendants would result in manifest prejudice, particularly because this entire action needs to be resolved—not just that discovery should be completed—well in advance of the primary elections in 2020.[6]  Moreover, such a stay is contrary to the spirit of the Federal Rules of Civil Procedure, requiring the Court and the parties to act with diligence in moving toward resolution of litigation, either through settlement or disposition by the Court.  Indeed, proceeding with discovery will enable the parties to better assess whether to settle or proceed toward trial—and that may lead to an earlier resolution of this litigation benefitting all parties involved.  In contrast, bringing these proceedings to a grinding halt, as the Moving Defendants suggest, benefits only the Defendants, who continue to remain unprepared for the upcoming elections—and undoubtedly later will complain that there is insufficient time to implement any remedy prior to the 2020 elections.  Plaintiffs deserve to have these issues resolved before the election.[7]

---

[6] The voter registration deadline for Presidential Preference Primary and Special Election is scheduled for February 24, 2020, and the Primary Election is scheduled for March 24, 2020.  *See* https://sos.ga.gov/admin/files/2020_Short_Calendar.pdf

[7] As Moving Defendants point out, Plaintiffs have the ability to request documents from the Defendants under the Georgia Open Records Act.  Mot. at 11.  But as Moving Defendants well know, the Open Records Act is not a substitute for discovery under the Federal Rules of Civil Procedure.  And when Defendant Counties fail or refuse to respond to Open Records Requests, that necessitates an

## CONCLUSION

For the reasons above, this Court should deny Defendants' Motion to Stay Preliminary Discovery and order the parties to commence discovery.

Dated: August 21, 2019                        Respectfully submitted,

                                              **Neil A. Steiner**_____
                                              Attorney for Plaintiffs
                                              Neil A. Steiner*
                                              Dechert LLP
                                              Three Bryant Park
                                              1095 Avenue of the Americas
                                              New York, NY 10036
                                              Telephone: (212) 698-3822
                                              Email: neil.steiner@dechert.com

                                              Angela M. Liu*
                                              Melanie C. MacKay*
                                              Attorneys for Plaintiffs
                                              Dechert LLP
                                              35 West Wacker Drive
                                              Suite 3400
                                              Chicago, IL 60601
                                              Telephone: (312) 646-5816
                                              Email: angela.liu@dechert.com
                                              Email: melanie.mackay@dechert.com

                                              Sean J. Young (Ga. Bar No. 790399)
                                              Attorney for Plaintiffs
                                              American Civil Liberties Union
                                              Foundation of Georgia, Inc.
                                              P.O. Box 77208

---

entirely separate litigation just to obtain documents that are plainly subject to discovery here.

Atlanta, GA 30357
Telephone: 770-303-8111
Fax: 770-303-0060
Email: syoung@acluga.org

Sophia Lin Lakin*
Dale E. Ho*
Attorneys for Plaintiffs
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-519-7836
Email: slakin@aclu.org
Email: dho@aclu.org

*admitted Pro hac vice

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that I have read the Court's Standing Order in Cases Proceeding Before the Honorable Amy Totenberg and that I will comply with its provisions during the pendency of this litigation.

*/s/ Neil A. Steiner*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 21, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system (which document was prepared in Times New Roman font, 14-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C)), which will automatically send e-mail notification of such filing to all attorneys of record.

Dated: August 21, 2019

*/s/ Neil A. Steiner*